Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.C.,<br><br>      *Plaintiff,*<br><br>v.<br><br>DWIGHT-ENGLEWOOD SCHOOL, ROBERT BRISK, and various JOHN DOES (fictitious names intended to be the faculty and staff members at Dwight-Englewood School whose true identities are unknown to Plaintiff and who are not citizens of the State of New York),<br><br>      *Defendants.* | Civil Action No. 21-cv-6376<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This case arises out of Plaintiff's alleged sexual abuse at Dwight-Englewood School (the "School") by the School's then-headmaster, James Van Amburg. Presently before the Court is Defendant Robert Brisk's motion to dismiss, D.E. 34, Plaintiff's Amended Complaint ("AC"). The Court reviewed the parties' submissions[1] made in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Brisk's motion is **GRANTED in part** and **DENIED in part**.

---

[1] Brisk's brief in support of his motion to dismiss, D.E. 35 ("Br."); Plaintiff's opposition brief, D.E. 38 ("Opp."); and Brisk's reply brief, D.E. 40.

I.   **BACKGROUND**[2]

Plaintiff A.C. began attending the School in 1996, when he was fourteen years old. AC ¶ 31. Defendant School is a private college-preparatory day school for children in grades 9 through 12 located in Englewood, New Jersey. *Id.* ¶¶ 11-13. Defendant Robert Brisk was the principal of the School while Plaintiff was a student. *Id.* ¶ 23. James Van Amburg, now deceased, was the headmaster of the School during Plaintiff's tenure there. *Id.* ¶¶ 18-20. At all relevant times, the School employed, oversaw, managed, supervised, directed, and controlled the employees of the school, including Van Amburg and Brisk. *Id.* ¶ 25.

Plaintiff alleges that while he was a student at the School, he was sexually abused on at least five separate occasions by Van Amburg. *Id.* ¶ 33. The sexual abuse began when Plaintiff sought Van Amburg's advice about how to handle bullying inflicted by other students. *Id.* ¶ 35. Van Amburg assured Plaintiff that he could speak to him about the bullying. *Id.* ¶ 36. When Plaintiff returned to Van Amburg's office to speak about the bullying a second time, Van Amburg anally raped him. *Id.* ¶¶ 40-42. Van Amburg subsequently raped Plaintiff on "several separate occasions" throughout Plaintiff's ninth grade year. *Id.* ¶ 43. Van Amburg also intimidated Plaintiff by claiming that he would have Plaintiff expelled if he caused any trouble. *Id.* ¶ 44.

Plaintiff eventually approached Brisk to report the abuse. *Id.* ¶ 46. Plaintiff told Brisk that "something inappropriate" occurred between him and Van Amburg, but Brisk interrupted Plaintiff before he could provide further detail and refused to listen. *Id.* Plaintiff further claims that Brisk, "[s]eemingly aware of the allegations," intimidated Plaintiff and made him believe that he would be expelled if he continued such discussions about Van Amburg. *Id.* ¶ 47. Brisk then "forcibly

---

[2] The facts are taken from the AC, D.E. 26. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

threw Plaintiff out of his office." *Id.* ¶ 48.  After the conversation with Plaintiff, Brisk took no steps to investigate the alleged abuse, interfered with any attempt to investigate Van Amburg, and used his authority to cover up allegations of Van Amburg's misconduct, including his abuse of Plaintiff.  *Id.* ¶¶ 51-54.  Plaintiff claims that due to Brisk's failure to act, Plaintiff was further abused by Van Amburg.  *Id.* ¶ 55.  As a result of his abuse, Plaintiff has suffered "severe and permanent personal injuries," for which he is seeking treatment.  *Id.* ¶¶ 56-57.

On March 23, 2021, Plaintiff commenced the present action, D.E. 1, and on October 29, 2021, Plaintiff filed the AC.  D.E. 26.  The AC brings claims against Defendants for negligent hiring, retention, and supervision; negligence; aiding and abetting; and civil conspiracy.  The current motion to dismiss by Brisk followed.  D.E. 34.

## II.   STANDARD OF REVIEW

Brisk moves to dismiss the AC for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  A court "must accept all of the complaint's well-pleaded facts as true."  *Id.* at 210.  However, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice'" to state a plausible claim. *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   ANALYSIS

#### A.  Negligent Hiring, Retention, and Supervision

Plaintiff alleges that Defendants were negligent in their hiring, retention, and supervision of Van Amburg. AC ¶¶ 71-91. As to Brisk specifically, Plaintiff claims that Brisk had substantial, if not total, control over whom to hire, suspend, fire, or otherwise discipline. *Id.* ¶ 28. Plaintiff alleges that Brisk was influential in the hiring of Van Amburg and failed to perform a proper background check on him to determine whether he had any "improper sexual proclivities." *Id.* ¶¶ 29-30. Plaintiff additionally claims that despite his awareness of Van Amburg's sexual misconduct as early as the fall of 1996, Brisk used his position of authority to keep Van Amburg in the School's employ. *Id.* ¶ 79. Brisk also allegedly permitted Van Amburg to be in close contact

with Plaintiff and other children despite actual knowledge or willful refusal to acknowledge that Van Amburg subjected Plaintiff to multiple instances of sexual abuse and misconduct. *Id.* ¶ 86.

To establish negligent hiring or retention, a plaintiff must show (1) that the employer "knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons" and (2) "that, through the negligence of the employer in hiring [or retaining] the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." *Di Cosala v. Kay*, 91 N.J. 159, 173 (1982). "To be found liable for negligent supervision or training, the plaintiff must satisfy what is essentially the same standard, but framed in terms of supervision or training." *G.A.-H. v. K.G.G.*, 238 N.J. 401, 416 (2019) (quoting *Di Cosala*, 91 N.J. 159 at 173). A claim for negligent hiring or retention is cognizable against an employer, but not against individual supervisors in their personal capacity. *Duran v. Warner*, Civ. No. 07-5994, 2013 WL 4483518, at *8 (D.N.J. Aug. 20, 2013). Similarly, "a negligent supervision claim can only be brought against the employer entity and is not cognizable against the individual supervisor." *Id.* (citing *Di Cosala*, 91 N.J. at 173-74).

Here, Plaintiff does not allege that Brisk was Van Amburg's employer. Rather, the AC states that the School employed both Brisk and Van Amburg. AC ¶ 25. According to the AC, Brisk at most occupied a supervisory role vis-à-vis Van Amburg. *See id.* ¶ 28 ("As principal, Defendant Brisk was in a position of authority and control, and had substantial control over whom to hire, and whom to suspend, fire, or otherwise discipline, if not total control."). Because Plaintiff's claims for negligent hiring, retention, and supervision can only be brought against Van Amburg's employer, namely the School, the Court dismisses these claims as to Brisk. *See Duran*, 2013 WL 4483518, at *8 (holding that the plaintiff's negligent hiring and retention claims against

5

the chief of police were not cognizable because the municipality, not the chief, was the employer of the defendants accused of wrongdoing).

### B. Negligence

Plaintiff also brings a negligence claim against Defendants. AC ¶¶ 92-96. To succeed on a negligence cause of action, a plaintiff needs to establish four elements: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 221 N.J. 36, 51 (2015).

Brisk does not challenge whether Plaintiff adequately plead the elements of a negligence claim. Rather, he contends that the claim must be dismissed as duplicative of the negligent hiring, retention, and supervision claims. Br. at 8. In support, Brisk cites to *Sipler v. Trans Am Trucking, Inc.*, Civ. No. 10-3550, 2010 WL 4929393 (D.N.J. Nov. 30, 2010), in which the court dismissed the plaintiffs' negligent hiring, training, and supervision claims as "duplicative" of the *respondeat superior* claim. However, the *Sipler* court did not hold that negligent hiring, retention, and supervision claims are duplicative of negligence claims as a general matter. Rather, the court agreed with the defendants' position that the negligent hiring, training, and supervision claims "must be dismissed because [the employer] has stipulated that it is vicariously liable for any negligence attributable to [the employee] and therefore, any additional negligence claims are duplicative." *Id.* at *1. As there has been no such stipulation here, *Sipler* is inapposite.

Nor is the Court aware of precedential authority holding that negligence claims are duplicative of negligent hiring, retention, and supervision claims. Conversely, courts within this District have analyzed such claims as independent causes of action. *See, e.g.*, *W.H. v. R.C.*, Civ. No. 19-13538, 2020 WL 1041390, at *10 (D.N.J. Mar. 4, 2020). This is particularly true where, as here, Brisk cannot be liable for the negligent hiring, training, and supervision claims. Therefore,

the Court will not dismiss Plaintiff's negligence claim on the basis that it is duplicative. Accordingly, Brisk's motion to dismiss Plaintiff's negligence claim is denied.

### C. Aiding and Abetting

Plaintiff also alleges that Defendants aided and abetted Van Amburg's abuse of Plaintiff. AC ¶ 103. Specifically, Plaintiff avers that the School and Brisk "were sufficiently aware of Van Amburg's abuse of Plaintiff but did nothing to stop it from continuing," sought to cover up Van Amburg's alleged misconduct, and intimidated Plaintiff and others at the school so allegations of the abuse would not become public. *Id.* ¶¶ 99, 101-102.

In New Jersey, the tort of aiding and abetting is comprised of the following:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.

*Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999) (internal quotation omitted). The Third Circuit has identified the following factors to assess whether a defendant provided "substantial assistance": "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind," and "the duration of the assistance provided." *Id.* at n.27 (internal quotations omitted). Critically, "inaction can form the basis of aiding and abetting liability if it rises to the level of providing substantial assistance or encouragement." *Failla v. City of Passaic*, 146 F.3d 149, 158 n.11 (3d Cir. 1998).

Brisk argues that "given Plaintiff pleads that sexual contact was never reported by him to Mr. Brisk, it is not plausible that Mr. Brisk aided and abetted what he did not know." Br. at 9. Plaintiff counters that Brisk's inaction in preventing the abuse and his participation in covering up

7

the abuse gives rise to aiding and abetting liability. Opp. at 9. Plaintiff has adequately plead the knowledge element, as the AC alleges that Brisk knew of Van Amburg's abuse of Plaintiff as well as other allegations of Van Amburg's misconduct. AC ¶¶ 53-54. Even if Brisk stopped Plaintiff from disclosing the details of his abuse, Plaintiff informed Brisk that "something inappropriate" happened between him and Van Amburg. *Id.* ¶ 46. This statement, coupled with Brisk's reaction, gives rise to a reasonable inference that Brisk was aware of Van Amburg's misconduct. The inquiry is thus whether Brisk's actions, or lack thereof, rise to the level of substantial assistance.

Courts within this Circuit have found that failing to stop harassment can give rise to aiding and abetting liability in certain instances. In *Hurley*, the Third Circuit found that the plaintiff's supervisor could be liable for assisting the employer's tolerance of sexual harassment of the plaintiff due to "his failure to stop the harassment, which included both active and passive components." 174 F.3d at 127. There, the supervisor—a police captain with direct command over the plaintiff—"controlled her access to the most effective potential solutions to the harassment[.]" *Id.* But instead of taking steps to assist her, the supervisor told the plaintiff that she should stop complaining or the harassment would only get worse, suggested that sleeping with him might protect her, laughed at sexually explicit graffiti and drawings of her, demeaned her, and accused her of lying when she ultimately requested a transfer because of the harassment. *Id.* The *Hurley* court also found that the chief of police could be liable for his inaction. *Id.* at 128. The court noted that the chief did nothing to stop the harassment, despite his awareness of it, and held that "[t]his kind of knowing inaction by a high-level employee with responsibility over [the plaintiff] and her harassers could…rise to the level of substantial assistance." *Id.*

Similarly, in *Ivan v. County of Middlesex*, 612 F. Supp. 2d 546 (D.N.J. 2009), the court ruled that three defendants could be found liable for aiding and abetting harassment of the plaintiff

based on their responses to her complaints. Specifically, the *Ivan* court found that the defendants willfully failed to respond to the complaints because one defendant expressed little surprise at the complained-of harassment and offered no remedy in response; another defendant berated the plaintiff when she complained of harassment; and the third defendant failed to respond or to punish the wrongdoer even after a clear determination of his misconduct. *Id.* at 553.

Conversely, in *Marino v. Westfield Bd. of Educ.*, Civ. No. 16-361, 2016 WL 2901706 (D.N.J. May 18, 2016), the court noted that the defendants' failure to investigate or take steps to correct the plaintiff's termination, absent claims that the defendants were aware of the alleged discrimination, did not rise to the level of substantial assistance. *Id.* at *9 n.9. Likewise, in *Lindsey v. New Jersey Dep't of Corr.*, Civ. No. 04-3815, 2007 WL 836667 (D.N.J. Mar. 14, 2007), the court granted summary judgment to the alleged aider and abettor because there was no evidence that she was aware of the plaintiff's cries for help or defects in the investigation. *Id.* at *16.

Here, Plaintiff has sufficiently pled that Brisk's conduct constituted substantial assistance. After Plaintiff stated that "something inappropriate" happened between him and Van Amburg, Brisk interrupted Plaintiff and stopped him from providing specifics, AC ¶ 46; intimidated Plaintiff and made him believe that he would be expelled if he persisted in such discussions about Van Amburg, *id.* ¶ 47; and forced Plaintiff to leave his office, *id.* ¶ 48. Further, Plaintiff avers that Brisk not only failed to investigate Plaintiff's sexual abuse but shut down and interfered with any attempt to investigate Van Amburg. *Id.* ¶¶ 51-52. And Plaintiff has plead that Brisk was aware of Van Amburg's sexual abuse of Plaintiff, unlike the situations in *Marino* and *Lindsey*. AC ¶ 54. While Brisk's conduct is less egregious than that of the police captain in *Hurley*, it constitutes "knowing inaction by a high-level employee with responsibility over [Plaintiff] and [his] harasser[]," which the Third Circuit found sufficient to establish substantial assistance. *Hurley*,

174 F.3d at 127-28.  Further, Brisk's failure to respond to Plaintiff's report of "something inappropriate" happening with Van Amburg, as well as his admonition that Plaintiff would be expelled if he continued such discussions, mirrors the *Ivan* defendants' willful failure to respond to complaints of harassment.  *See Ivan*, 612 F. Supp. 2d at 553.

An assessment of the factors for determining whether a defendant provided substantial assistance further bolsters the conclusion that Brisk may be subject to aiding and abetting liability. *See Hurley*, 174 F.3d at 127 n.27.  First, the nature of the act encouraged—sexual abuse, including anal rape—was severe.  Second, though Brisk was not present when the abuse occurred, he allegedly enabled such abuse to continue not only by failing to intervene or investigate, but also by actively interfering with attempts to investigate and using his authority to cover up the allegations of Van Amburg's abuse.  Moreover, as someone with "substantial control over…whom to suspend, fire, or otherwise discipline," AC ¶ 28, Brisk had the authority to stop Van Amburg's abuse.  Finally, while it is unclear how many times Plaintiff was abused after speaking with Brisk, the abuse continued throughout Plaintiff's first year at the School.

In sum, Brisk's actions meet the substantial assistance threshold for pleading purposes.  Therefore, Plaintiff has adequately stated a claim against Brisk for aiding and abetting.  *See Wilmoth v. Arpin Am. Moving Sys., LLC*, Civ. No. 19-19187, 2021 WL 3674344, at *11 (D.N.J. Aug. 19, 2021) (finding sufficient, at the motion to dismiss stage, the plaintiff's allegations that her supervisor aided and abetted another defendant's sexual harassment and discrimination because he failed to respond to two complaints about the harassment, resulting in its continuation, and allegedly participated in retaliating against the plaintiff for complaining).

### D. Civil Conspiracy

Finally, Plaintiff brings a claim for civil conspiracy. In New Jersey, a civil conspiracy is

> "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."

*Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2003) (quoting *Morgan v. Union Cty. Bd. of Chosen Freeholders*, 268 N.J. Super. 337, 364 (App. Div. 1993)).

Plaintiff fails to plausibly plead an agreement between Brisk and others to support a civil conspiracy claim. Plaintiff alleges in a conclusory manner that the School and Brisk, "through the agreement of themselves and their principals, agents, officers, management, staff, and others under their control conspired and concerted among themselves to permit Van Amburg's misconduct continue." AC ¶ 107. Such a threadbare claim, without more, is insufficient to plead that Brisk entered into an agreement to inflict injury upon Plaintiff. *See Estate of Martin v. U.S. Marshals Serv. Agents*, 649 F. App'x 239, 244 (3d Cir. 2016) ("A plaintiff must rely on more than his or her own suspicion and speculation to satisfy [the meeting of the minds] requirement."). Nor does the Court find persuasive Plaintiff's argument that Brisk's alleged participation in covering up the abuse leads to a reasonable inference that Brisk had an agreement with the other Defendants to protect Van Amburg. *See* Opp. at 10. Thus, Plaintiff's civil conspiracy claim is dismissed. *See W.H.*, 2020 WL 1041390, at *10 (dismissing civil conspiracy claim because the complaint "offer[ed] no facts establishing that there was any agreement among the Defendants to conceal the sexual abuse and/or permit the assaults to continue").

## IV. CONCLUSION

For the reasons set forth above, Defendant Brisk's motion to dismiss is **GRANTED in part** and **DENIED in part**. An appropriate Order accompanies this Opinion.

Dated: April 20, 2022

John Michael Vazquez, U.S.D.J.